UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

DANIEL SCHKEEPER,

     Plaintiff,

v.

DIAMOND RESORTS
MANAGEMENT, INC.,

     Defendant.

_____/

## DIAMOND RESORTS MANAGEMENT, INC.'S NOTICE OF REMOVAL

     Defendant, DIAMOND REOSRTS MANAGEMENT, INC. ("DRM"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2023-CA-002379-O, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.     FACTUAL BACKGROUND

     1.     On June 7, 2023, Plaintiff, DANIEL SCHKEEPER, ("Plaintiff") filed an Amended Complaint ("Complaint") in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, entitled *Daniel Schkeeper*

*v. Diamond Resorts Management, Inc.*, Case No. 2023-CA-002379-O. *See* Pl.'s Amend. Compl., attached as Ex. "A." DRM agreed to accept service via its counsel therefore the Complaint was deemed served upon DRM on the same date.[1]

2.    Plaintiff readily concedes within the Complaint that he is a resident of the State of Connecticut. *See* Ex. "A" at ¶ 2. Furthermore, Plaintiff's responses to DRM's Interrogatories show that he is and has been a resident of the State of Connecticut for the past ten years, including up to the present time, and also demonstrate that Plaintiff is undergoing ongoing treatment and care in the State of Connecticut. *See* Defendant's Interrogatories to Plaintiff and Plaintiff's Answers to Defendant's Interrogatories, attached as Ex. "B" at ¶ 1, 3, 15. These further establish that Plaintiff intends to remain in Connecticut and evinces his citizenship in the State of Connecticut.

3.    DRM is a foreign corporation organized and existing under the laws of the State of Arizona. DRM maintains its principal place of business in Las Vegas, Nevada. *See* 2023 Annual Report and Florida Department of State, Division of Corporations Entity Detail, attached as Composite Exhibit "C."

---

[1] On March 30, 2023, Plaintiff filed his initial Complaint against the incorrectly named DIAMOND RESPORTS CYPRESS POINT II DEVELOPMENT, LLC. After informing Plaintiff of the error, Plaintiff agreed to file his Amended Complaint in order to name the correct entity; DIAMOND RESORTS MANAGEMENT, INC.

4.      Plaintiff brings a claim for negligence against DRM as a result of personal injuries he allegedly sustained on May 20, 2022 at the Grand Villas Resort located at 12118 Turtle Cay Circle, Orlando, Florida 32836. *See* Ex. "A" at ¶ 6, 11.

5.      Plaintiff alleges DRM was negligent and breached its duties owed to him by negligently failing to maintain its walking surfaces in a reasonably safe condition, allegedly causing the Plaintiff to fall and sustain injuries. *See* Ex. "A" at ¶ 10-11.

6.      On June 8, 2023, DRM propounded its Request for Admissions to Plaintiff. *See* Ex. "D."

7.      On August 31, 2023, Plaintiff served his Responses to DRM's Request for Admissions. Therein, DRM asked Plaintiff to admit or deny whether his claimed damages exceeded $75,000.00. Plaintiff admitted that his claimed damages exceeded $75,000.00 and denied that his claimed damages were under $75,000.00. *See* Ex. "E" at ¶ 9, 10.

8.      In light of the above, Plaintiff's Amended Complaint is therefore removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

9.      Venue exists in the United States District Court for the Middle District of Florida, because the Ninth Judicial Circuit Court in and for

Orange County is located in Orlando, Florida, which is located within the United States District Court for the Middle District of Florida.

10.   DRM attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Ninth Judicial Circuit of the State of Florida in and for Orange County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "F."

11.   DRM reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

12.   On August 31, 2023, Plaintiff served DRM with his Answers to Request for Admissions No. 9.  *See* Ex. "E."

13.   Plaintiff's August 31, 2023 Answer to Request for Admission No. 9 is the first paper from which DRM ascertained that the instant case is removable based on diversity jurisdiction as Plaintiff admitted that the amount in controversy exceeds $75,000.00. *See* Ex. "E."

14.   28 U.S.C. § 1446(b)(3) authorizes DRM to remove the instant case within thirty days after receipt by DRM, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

15.    Responses to request for admissions constitute "other paper" under § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213, n. 61 (11th Cir. 2007); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Dukes v. Lowe's, Inc.*, 2018 U.S. Dist. LEXIS 204199, at *8 (M.D. Ala. November 30, 2018); *Rowe v. Swift Transp. Co. of Arizona, LLC*, 2017 U.S. Dist. LEXIS 221679, at *3 (M.D. Fla. December 21, 2017); *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017); *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, 2016 U.S. Dist. LEXIS 190994, at *5 (S.D. Fla. February 11, 2016).

16.    In accordance with 28 U.S.C. § 1446(b)(3), DRM files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Answer to DRM's Request for Admissions No. 9 (August 31, 2023), which was the paper that made it clear that removal was appropriate. *See* Ex. "D". This Notice of Removal is, thus, timely filed.

## III.    **THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

19.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

20.    "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

21.    This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

## A.  Citizenship of Defendant, Diamond Resorts Management, Inc.

22.    DRM is not a citizen of the State of Florida for diversity purposes as none of its members are citizens of the state of Florida.

23.    DRM is a foreign corporation organized under the laws of the State of Arizona with its principal place of business located in Las Vegas, Nevada.  *See* Ex. "C."  At no time material to this lawsuit has DRM been a citizen of Florida.

24.     For diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Polanco v. Ford*, 2022 U.S. Dist. LEXIS 3830, at *8 (S.D. Fla. Jan. 7, 2022).

25.    As such, DRM is a foreign corporation and complete diversity exists between parties pursuant to 28 U.S.C. § 1332.

## B.  Citizenship of Plaintiff, Daniel Schkeeper

26.     Plaintiff, Daniel Schkeeper, was at all times material to this action a resident of the State of Connecticut.  *See* Ex. "A" at ¶ 2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted).

27.     Here, Plaintiff alleges he resides in the State of Connecticut. *See* Ex. "A" at ¶ 2. Plaintiff's Connecticut residence is prima facie evidence of his domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

28.     In addition to the allegations of residency in his Complaint, Plaintiff's responses to DRM's Interrogatories show that he is and has been a resident of the State of Connecticut for the past ten years, including up to the present time, and also demonstrate that Plaintiff is undergoing ongoing treatment and care in the State of Connecticut.  *See* Ex. "F."  These further establish that Plaintiff intends to remain in Connecticut and evinces his citizenship in the State of Connecticut.

29.     Thus, Plaintiff is a citizen of the State of Connecticut for purposes of 28 U.S.C. § 1332.

## IV. AMOUNT IN CONTROVERSY

30.    The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than the state court $50,000.00 jurisdictional minimum, Plaintiff's Answer to DRM's Request for Admission No. 9 evinces that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

31.    The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

32.    Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.,* 77

F.3d 1353, 1357 (11th Cir. 1996)[2] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

33.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that DRM show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

34.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of

[2] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

9

removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

35.    Similarly, the Eleventh Circuit Court has held that responses to discovery, deposition transcripts, and other documents can be "***other paper***" under 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses); *e.g. Katz*, 2009 U.S. Dist. LEXIS 51705, at *3-6 (finding the defendant satisfied its burden when the plaintiff's actual damages of approximately $58,000.00 were added to either alleged future medical expenses or to other damages alleged); *La Roca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349-50 (S.D. Fla. 2009) (deciding that the amount in controversy requirement was met where the plaintiff only incurred $6,301.00 in medical bills, but was likely to incur additional yearly expenses); *Salsberry v. Rt W. Palm Beach Franchise, Ltd.*, No. 14-80922-CIV, 2014 U.S. Dist. LEXIS 193209, at *4-7 (S.D. Fla. Oct. 14, 2014) (finding the defendant

satisfied its burden when the plaintiff's medical bills to date were only $16,121.66, but other damages satisfied the jurisdictional minimum).

36.    Applying this principle, the Eleventh Circuit has numerous cases wherein removal was directly based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

37.    In *Monserrate*, the defendant relied on the plaintiff's responses to its request for admission and documents produced in response to its request for production to establish the basis for removal. *Monserrate*, 2014 U.S. Dist. LEXIS 193068, at *2. The plaintiff's discovery responses demonstrated that the amount in controversy exceeded $75,000.00 and proved the diversity of citizenship between the parties. *Id*. at * 8. The *Monserrate* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id*.

38.    Accordingly, this Court may look to Plaintiff's discovery responses when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

39.    In this case, Plaintiff's Responses to DRM's Request for Admission No. 9, as well as the allegations of the Complaint conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "A"; "E."

40.    Similar to *Monserrate*, Plaintiff admits that he is seeking damages in excess of $75,000.00. *See* Ex. "E" at ¶ 9. The Court could rely solely on Plaintiff's admission as proof that the jurisdictional limit has been met. Plaintiff also asserts in his Complaint that his injuries are permanent or continuing and that he will continue to suffer losses in the future due to the alleged incident. *See* Ex. "A" at ¶ 21, 27. The admission alone is enough to establish that removal is proper. When coupled with the Complaint, they are overwhelming evidence that the jurisdictional threshold has been met.

41.    Based on the foregoing, DRM has established that Plaintiff's claimed damages in this case exceed $75,000.00. *See Wilson,* 888 F.2d 779 at 780; *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor Supply Co.,* 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson,* 2010 LEXIS 96399, at *4.

42.   Based upon the applicable case law citied herein, DRM has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon Plaintiff's Response to DRM's Request for Admission No. 9.  As such, removal is proper.

## V. <u>CONCLUSION</u>

Because the parties are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, DRM will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

**WHEREFORE**, Defendant, Diamond Resorts Management, Inc., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No. 2023-CA-002379-O be removed to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which DRM is entitled.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on October 2, 2023, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also

certify that the foregoing is being served this day on all counsel of record or

pro se parties identified on the following Service List in the manner specified,

either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not

authorized to receive electronic notices of Electronic Filing.

**Dated: October 2, 2023**      Respectfully submitted,

*/s/ Schuyler A. Smith*
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Neel M. Joshi, Esq.
Florida Bar No. 1022123
njoshi@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile:  (305) 379-3690
*Counsel for Defendant, Diamond Resorts*
*Management, Inc.*

## SERVICE LIST

RUSSELL A. COHEN, ESQ.
RUSSELL A. COHEN, P.A.
110 SE 6th Street, Suite 1700-110
Fort Lauderdale, FL 33301
Telephone:  (305) 255-5488
Facsimile:   (305) 255-5477
Email:  russell@racohenlaw.com
Attorney for Plaintiff