**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DANIEL SCHKEEPER,

       Plaintiff,

v.                                                                Case No:   6:23-cv-1909-PGB-LHP

DIAMOND RESORTS
MANAGEMENT, INC.,

       Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT, DIAMOND RESORTS MANAGEMENT INC.'S UNOPPOSED, TIME SENSITIVE MOTION FOR RULE 35 EXAMINATION OF PLAINTIFF (Doc. No. 35)
>
> **FILED:** October 30, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.[1]

---

[1] The Court notes that Defendant filed this motion as "time sensitive." Doc. No. 35. Upon review, however, the motion is based on a Notice of Compulsory Medical Examination of Plaintiff dated August 28, 2024. Doc. No. 35-1. Defendant fails to

Plaintiff Daniel Schkeeper filed a complaint against Defendant Diamond Resorts Management, Inc. in state court. Doc. Nos. 1-1, 1-6. The matter was removed to this Court on October 2, 2023. Doc. No. 1. In the operative complaint, Plaintiff alleges a negligence claim based on bodily injuries suffered due to a slip and fall on Defendant's property. Doc. No. 1-1, at 2. Plaintiff seeks damages for permanent and continuing injuries due to "pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future." *Id.* at 3.

Defendant, without opposition from Plaintiff, has now filed a motion requesting the Court order Plaintiff to appear for a physical examination pursuant to Federal Rule of Civil Procedure 35. Doc. No. 35. Defendant states that Plaintiff has placed his physical condition in controversy by alleging injuries in the complaint, and maintaining throughout discovery that he suffered a left ankle lateral malleolus fraction requiring surgery and that his injuries are permanent. *Id.*

---

provide any explanation as to the over two-month delay in bringing this matter before the Court, and any "time sensitive" nature of the motion appears to be of the parties' own making. Thus, the Court does not consider this matter "time sensitive," and cautions the parties that any future "unwarranted designation of a motion as an emergency can result in a sanction." *See* Local Rule 3.01(e).

- 2 -

at 3–4.   Defendant requests that Plaintiff appear for a physical examination by Scott I. Silas, M.D., on November 4, 2024, at 8:15 a.m. at Orthopaedic Center of Volusia, 545 Health Blvd., Daytona Beach, FL 32114.   *Id.* at 6; Doc. No. 35-1.   The scope of the examination will be a "[n]on-invasive examination and testing of Plaintiff's left ankle, as well as any other injuries or complaints alleged in this case," to include x-rays necessary to formulate full and complete opinions.   *Id.*

Federal Rule of Civil Procedure 35 provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.   The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control."   Fed. R. Civ. P. 35(a).   The party moving for a physical examination under Federal Rule of Civil Procedure 35 has the burden of establishing that the plaintiff's or the defendant's physical condition is in controversy and that there is good cause for the Court to order the examination.   Fed. R. Civ. P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).   The Order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."   Fed. R. Civ. P. 35(a)(2)(B).

- 3 -

Here, Defendant has demonstrated that Plaintiff has placed his physical injuries at issue in this case, and good cause exists to require Plaintiff to submit to a physical examination pursuant to Federal Rule of Civil Procedure 35. *See Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

Accordingly, Defendant's Time Sensitive Motion for Rule 35 Examination of Plaintiff (Doc. No. 35) is **GRANTED**.  It is **ORDERED** that on **November 4, 2024, at 8:15 a.m.,** Plaintiff shall appear at Orthopaedic Center of Volusia, 545 Health Blvd., Daytona Beach, FL 32114, to be examined by Scott I. Silas, M.D., who will conduct "[n]on-invasive examination and testing of Plaintiff's left ankle, as well as any other injuries or complaints alleged in this case," to include x-rays necessary to formulate full and complete opinions.  The examination will also comply with the conditions agreed to by the parties, namely that no third parties, including Plaintiff's counsel, a court report, a videographer, or other third parties, will be permitted to attend the examination.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties